FILED

03/15/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0153

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0153

_____

WILD MONTANA, and MONTANA
WILDLIFE FEDERATION, MONTANA
ASSOCIATION OF COUNTIES,

      Plaintiffs, Petitioners,
      and Appellees,

     v.

GREG GIANFORTE, in his official capacity as
GOVERNOR OF THE STATE OF MONTANA;
and CHRISTI JACOBSEN, in her official capacity
as SECRETARY OF STATE,

      Defendants, Respondents,
      and Appellants

_____

O R D E R

Appellants Governor Greg Gianforte and Secretary of State Christi Jacobsen appeal a First Judicial District Court stay denial. Appellants petitioned for the stay following a District Court order requiring the Governor to transmit the Senate Bill 442 veto message to the Secretary of State and requiring Secretary Jacobsen to conduct a veto override poll of the Legislature.

The Legislature passed Senate Bill 442 (SB 442) on May 1, 2023. Governor Gianforte vetoed SB 442 the following day. Before the Legislature received notice of the Governor's veto, the Senate adjourned *sine die*. A disagreement ensued between the Governor's office and some legislators over the correct process for a potential legislative override of the veto. Secretary Jacobsen subsequently refused to initiate the post-session

override procedure, depriving the Legislature of an opportunity to override the Governor's veto.

Appellees Wild Montana, Montana Wildlife Federation, and Montana Association of Counties sought declaratory judgment that the Governor's veto was ineffective until he returns SB 442 to the Legislature with a veto letter to the Secretary, allowing for a veto override poll. Appellees sought, and were granted, a writ of mandamus directing the Governor to do so and directing the Secretary of State to conduct the veto override poll.

Appellants petitioned for a stay of the District Court order pending appeal, which the District Court denied. Appellants now petition this Court to stay the District Court order.

Article VI, Section 10(4), of the Montana Constitution provides the procedure for a legislative override veto:

> If the legislature is not in session when the governor vetoes a bill approved by two-thirds of the members present, he shall return the bill with his reasons therefor to the secretary of state. The secretary of state shall poll the members of the legislature by mail and shall send each member a copy of the governor's veto message. If two-thirds or more of the members of each house vote to override the veto, the bill shall become law.

The underlying litigation concerns the ambiguity of Article VI as to the procedure to be followed when the Governor vetoes a bill while the Legislature is still in session but adjourns before it learns of a veto. The District Court ruled that under such circumstances, the veto is ineffective until the Governor returns the bill with a veto letter to the Secretary, and the Secretary polls the Legislature on the bill. The District Court subsequently denied Appellants' request to stay the order.

2

Appellants have filed a notice of appeal and petitioned this court to issue a stay of the District Court order.

We apply a four-factor test when analyzing a district court's denial of a motion to stay, asking: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Mont. Env't Info. Ctr. v. Westmoreland Rosebud Mining, LLC,* DA 22-0064, 2022 Mont. LEXIS 735, *5. (August 9, 2022).

Appellants argue that, absent a stay, they will suffer irreparable harm because the Legislature will be polled on SB 442, effectively mooting their legal claims. Appellants further claim their appeal is likely to succeed on the merits, that Appellees will not be substantially injured as a result of the stay, and that a stay is in the public interest.

Appellants have not shown that their appeal would be mooted by a veto override vote from the Legislature. The underlying legal claim asks which procedures apply when the governor vetoes a bill while the legislature is in session but the legislature does not receive the veto notice until after it adjourns *sine die*. The District Court ruled that, in this unique situation, the Governor must return his veto with a veto letter, and that the Secretary must conduct an override poll by March 19, 2024.

Although the Legislature must vote on whether to override SB 442, the outcome of the underlying appeal will determine whether the District Court's ruling was correct, and therefore whether the Governor's veto ultimately stands over the Legislature's vote. This Court can address the underlying issue in due course regardless of whether we issue a stay.

Because the fate of SB 442 could ultimately go either way, a stay denial does not moot Appellants' appeal. Appellants have not demonstrated irreparable harm.

IT IS THEREFORE ORDERED that the request for a stay of the District Court order is DENIED.

IT IS FURTHER ORDERED that this appeal shall proceed pursuant to the Montana Rules of Appellate procedure.

The Clerk is directed to provide a copy of this Order to all counsel of record, and to the Lewis and Clark District Court, Honorable Mike Menahan, presiding.

DATED this 15th day of March, 2024.

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ JIM RICE

Electronically signed by:
Mike McGrath
Chief Justice, Montana Supreme Court
March 15 2024